**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3271

_____

UNITED STATES OF AMERICA

v.

DIMITRE HADJIEV,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cr-00548-001)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 24, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: September 24, 2024)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Dimitre Hadjiev ran a Philadelphia jewelry store and ran afoul of the law. He knowingly

bought stolen watches to resell, dealt in fake Rolexes, and structured cash transactions to

evade federal reporting requirements. A federal jury convicted him of failing to file a

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

financial record, structuring financial transactions to evade reporting, and trafficking in counterfeit goods. On appeal, he raises half a dozen claims, but all fail.

*First*, Hadjiev argues that the District Court should have instructed the jury to consider evidence of his good character. But it did not have to because his lawyer never put on that evidence and never asked for that instruction. *See United States v. Hoffecker*, 530 F.3d 137, 156 (3d Cir. 2008). Relatedly, he says his lawyer should have taken those steps. By failing to do so, he claims, the lawyer was constitutionally ineffective. But we almost always wait until habeas to consider ineffective-assistance-of-counsel claims, where we can develop a record to understand why counsel chose not to put on that evidence and whether it would have affected the outcome. *United States v. McLaughlin*, 386 F.3d 547, 555–56 (3d Cir. 2004). We follow that prudent course here.

*Second*, Hadjiev claims that the District Court should have questioned him more about whether he wanted to testify in his own defense. Yet trial courts have no duty to make such inquiries. *United States v. Leggett*, 162 F.3d 237, 246 (3d Cir. 1998). And having observed Hadjiev throughout the trial and heard his recorded conversations, the court properly found that he understood the right that he was waiving.

*Third*, the indictment omitted a number 2 and added a number 0 to the model number of one watch (listing M2228238-006, rather than M228238-0006). Hadjiev moved for a judgment of acquittal on this ground, but the District Court held that this variance had not prejudiced him. Reviewing de novo, we agree. *United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006). The indictment was otherwise accurate and listed the right serial number. Because the facts presented at trial were not "materially different from those alleged in the

2

indictment" and did not impair Hadjiev's understanding or trial preparation, the court properly found no prejudice. *Id.* at 261–62 (internal quotation marks omitted).

*Fourth*, a cooperating witness and an undercover officer sold Hadjiev Rolex watches that they claimed were stolen. The District Court reminded the jury thrice that these watches were "allegedly represented as stolen." Supp. App. 30. Then it twice instructed the jury to consider this 404(b) evidence only for limited purposes, such as "whether Dimitre Hadjiev intended to engage in the business of buying stolen Rolex watches for cash." *Id.* at 31–32; *see* Fed. R. Evid. 404(b). He objects that the court should have added "allegedly" before "stolen Rolex watches for cash" here too. We review for abuse of discretion, asking if the instruction could have confused and misled the jury. *United States v. Shaw*, 891 F.3d 441, 450 (3d Cir. 2018). In context, the court clarified that the jury should use the evidence only to discern his intent, not to show that the watches were in fact stolen. So the instruction was not confusing or misleading.

*Fifth*, Rolex had sued a company for counterfeiting. Hadjiev's counsel tried to cross-examine a Rolex executive about that suit to show that the company defined counterfeiting too broadly. The trial court properly excluded this as "nothing but an allegation in a civil suit" that would have "caus[ed] unfair confusion to the [j]ury" about the law. JA 75–76. It implicitly balanced the evidence's limited probative value against the risk that it would confuse the jury. That balancing was reasonable under Rule 403, not an abuse of discretion. Fed. R. Evid. 403; *United States v. Greenspan*, 923 F.3d 138, 151 (3d Cir. 2019).

*Finally*, Hadjiev challenges his sentencing enhancement for importing fake Rolex items that infringed Rolex's copyright. But any error was harmless. Hadjiev's offense level was

3

driven primarily by his group of convictions for financial crimes, which resulted in an adjusted offense level of 24. The counterfeiting conviction's offense level (18) was 6 levels below that, so it bumped his adjusted offense level up from 24 to 25. Without the copyright-infringement enhancement, his offense level for counterfeiting would have been 16 rather than 18. Under the grouping rules, that still would have bumped his adjusted offense level up from 24 to 25, resulting in the same sentencing range: 46 to 57 months. U.S.S.G. §3D1.4(b) (lumping together any second group within 5 to 8 levels of the highest offense level). The District Court adopted these calculations and sentenced him to the bottom of that range. Because it is "high[ly] probab[le]" that the enhancement did not affect his sentence, any error was harmless. *United States v. Perez-Colon*, 62 F.4th 805, 817 (3d Cir. 2023) (internal quotation marks omitted). We will thus affirm.